UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HOLLY CASTELL and SUSAN ADKINS**, <br><br> Plaintiffs, <br><br> vs. <br><br> **CASTELLUCCI HOSPITALITY GROUP, INC**; **SUGO RESTAURANT & TAPAS, INC.**; **FREDERIC W. CASTELLUCCI II**; **and NANCY CASTELLUCCI**, <br><br> Defendants. | Civil Action No. _____ <br><br><br><br><br><br><br> Jury Trial Demanded |

# COMPLAINT

Plaintiffs Holly Castell and Susan Adkins, by and through her attorneys, herein assert a claim against Defendants Castellucci Hospitality Group, Inc.; Sugo Restaurant & Tapas, Inc.; Frederic W. Castellucci II; and Nancy Castellucci for due but unpaid minimum wages, showing the Court as follows:

**INTRODUCTION**

1.

In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq.*, Plaintiffs Castell and Adkins seek to recover unpaid minimum wages from their former employers.

## SUBJECT MATTER JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because Defendants conduct business in this judicial district, all the events giving rise to the claims herein arose in this judicial district, and the individual Defendants reside within this judicial district.

## PARTIES AND PERSONAL JURISDICTION

4.

Plaintiff Castell is a natural person residing in Fulton County, Georgia.

5.

Plaintiff Adkins is a natural person residing in Dawson County, Georgia.

6.

Defendant Castellucci Hospitality Group, Inc. (hereinafter "CHG"), is a domestic corporation existing under the laws of the State of Georgia. CHG may be served with process via service on its registered agent, Federico William Castellucci III, at 797 San Antonio Drive, Atlanta, Georgia 30306.

7.

Defendant CHG is subject to the personal jurisdiction of this Court.

8.

Defendant Sugo Restaurant & Tapas, Inc. (hereinafter "SRT"), is a domestic corporation existing under the laws of the State of Georgia. SRT may be served with process via service on its registered agent, Federico Castellucci III, at 10305 Medlock Bridge Road, Duluth, GA 3009.

9.

Defendant SRT is subject to the personal jurisdiction of this Court.

10.

Defendant Frederic W. Castellucci II (hereinafter "Mr. Castellucci") is a natural person and may be served with process at his residence in Duluth, Fulton County, Georgia, or wherever he may be found.

11.

Defendant Mr. Castellucci is subject to the personal jurisdiction of this Court.

12.

Defendant Nancy Castellucci (hereinafter "Mrs. Castellucci") is a natural person and may be served with process at her residence in Duluth, Fulton County, Georgia, or wherever she may be found.

13.

Defendant Mrs. Castellucci is subject to the personal jurisdiction of this Court.

**ENTERPRISE COVERAGE UNDER THE FLSA**

14.

At all relevant times, Defendants CHG and SRT jointly operated a single "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), to wit, a restaurant doing business as Sugo Restaurant in Duluth, Georgia (hereinafter "Sugo").

15.

At all relevant times, two more employees of Sugo, including Plaintiffs, used or handled the following items that moved in interstate commerce that are necessary for performing Sugo's commercial purpose: foodstuffs, liquor, beer, kitchen equipment, chairs, tables, and paper products.

16.

In 2015, Sugo had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

In 2016, Sugo had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

In 2017, Sugo had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

During 2015, Sugo had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2016, Sugo had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2017, Sugo had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Sugo was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

During 2016, Sugo was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

24.

During 2017, Sugo was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**CORPORATE EMPLOYER UNDER THE FLSA**

25.

Plaintiff Castell worked as a server at Sugo from approximately August 7, 2016 through December 20, 2017.

26.

At all relevant times, Plaintiff Castell was an "employee" as defined in FLSA § 3(e), 29 U.S.C. § 203(e) in connection with her server work at Sugo as a matter of economic reality.

27.

At all relevant times, Defendant CHG was Plaintiff Castell's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d) as a matter of economic reality.

28.

At all relevant times, Defendant SRT was Plaintiff Castell's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d) as a matter of economic reality.

29.

Plaintiff Adkins worked as a server at Sugo from approximately May 2011 through approximately early June 2017.

30.

At all relevant times, Plaintiff Adkins was an "employee" as defined in FLSA § 3(e), 29 U.S.C. § 203(e) in connection with her server work at Sugo as a matter of economic reality.

31.

At all relevant times, Defendant CHG was Plaintiff Adkins' "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d) as a matter of economic reality.

32.

At all relevant times, Defendant SRT was Plaintiff Adkins' "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d) as a matter of economic reality.

**INDIVIDUAL EMPLOYER UNDER THE FLSA**

33.

At all relevant times, Defendant Mr. Castellucci acted directly or indirectly in the interest of Sugo in his interactions with Plaintiffs, and he controlled the terms and conditions of Plaintiffs' employment on a day-to-day basis.

34.

Specifically, Defendant Mr. Castellucci was and is an owner of Sugo, and at all relevant times shared the highest-level management authority at Sugo with Defendant Mrs. Castellucci.

35.

At all relevant times, Defendant Mr. Castellucci has had authority and exercised control over the finances and operations of Sugo.

36.

At all relevant times, Defendant Mr. Castellucci exercised managerial authority and control over the day-to-day business of Sugo, including over Plaintiffs and other servers, bartenders, and managers.

37.

At all relevant times, Defendant Mr. Castellucci determined the pay rate and the method of pay for Plaintiffs and other Sugo servers, bartenders, and managers.

38.

At all relevant times, Defendant Mr. Castellucci had authority and control over Sugo's policy of requiring Plaintiffs and other servers to pay kickbacks to Sugo owners and management.

39.

At all relevant times, Defendant Mr. Castellucci was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

40.

At all relevant times, Defendant Mrs. Castellucci acted directly or indirectly in the interest of Sugo in her interactions with Plaintiffs, and she controlled the terms and conditions of Plaintiffs' employment on a day-to-day basis.

41.

Specifically, Defendant Mrs. Castellucci was and is an owner of Sugo, and at all relevant times shared the highest-level management authority at Sugo with Defendant Mr. Castellucci.

42.

At all relevant times, Defendant Mrs. Castellucci has had authority and exercised control over the finances and operations of Sugo.

43.

At all relevant times, Defendant Mrs. Castellucci exercised managerial authority and control over the day-to-day business of Sugo, including over Plaintiffs and other servers, bartenders, and managers.

44.

At all relevant times, Defendant Mrs. Castellucci determined the pay rate and the method of pay for Plaintiffs and other Sugo servers, bartenders, and managers.

45.

At all relevant times, Defendant Mrs. Castellucci had authority and control over Sugo's policy of requiring Plaintiffs and other servers to pay kickbacks to Sugo owners and management.

46.

At all relevant times, Defendant Mrs. Castellucci was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

**FLSA NON-EXEMPT STATUS AND FLSA VIOLATIONS**

47.

At all relevant times, Plaintiffs were not subject to any exemption from the minimum wage pay requirements of the FLSA.

48.

At all relevant times, Plaintiffs were not subject to any exemption from the maximum hour provisions of the FLSA

49.

At all relevant times, Plaintiffs were compensated at an hourly rate of approximately $2.13 per hour for their server work.

50.

At all relevant times, Defendants failed to notify Plaintiffs of the tip credit provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

51.

At all relevant times, Defendants required Plaintiffs and other tipped Sugo employees to pay monies to Sugo owners and management during each shift they worked.

52.

Throughout the Relevant Time Period, Plaintiffs did in fact pay monies to Sugo owners and management during each shift that they worked.

53.

The monies paid by Plaintiffs to Sugo owners and management were "kickbacks" within the meaning of 29 C.F.R. § 531.35, and in violation of the FLSA's requirement that minimum wages be paid "free and clear."

54.

At all relevant times, Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiffs' tips towards a portion of their minimum wage obligations.

55.

At all relevant times, Defendants failed to compensate Plaintiffs at or above the federal minimum wage of $7.25 per hour for each hour worked.

**WILLFULNESS AND GOOD FAITH**

56.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiffs when they required them to kick back a portion of their wages.

57.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiffs when they failed to notify Plaintiffs of the tip credit provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

58.

In requiring Plaintiffs to kick back a portion of their wages, Defendants have not relied on any letter ruling from the Department of Labor indicating that such practice is permitted under the FLSA.

59.

In requiring Plaintiffs to kick back a portion of their wages, Defendants have not relied on any legal advice indicating that such practice is permitted under the FLSA.

60.

Defendants' failure to compensate Plaintiffs at no less than the federal minimum wage during each relevant workweek was "willful" within the meaning of 29 U.S.C. § 255(a).

61.

Defendants' failure to compensate Plaintiffs at no less than the federal minimum wage during each relevant workweek was not done in "good faith" within the meaning of 29 U.S.C. §§ 259 or 260.

**CLAIMS FOR RELIEF**

### COUNT ONE
### VIOLATION OF 29 U.S.C. §§ 206 AND 215 (MIMINIMUM WAGE)

62.

The foregoing paragraphs are incorporated herein by this reference.

63.

At all relevant times, Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

64.

At all relevant times, Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

65.

At all relevant times, Defendants required Plaintiffs to pay kickbacks in violation of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.35.

66.

Defendants are liable to Plaintiffs for all unpaid minimum wages for hours worked during the three years prior to the filing of this Complaint pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), in an amount to be determined at a trial.

67.

Defendants are also liable to Plaintiffs for the full value of all kickbacks that Plaintiffs were required to pay during the three years prior to the filing of this Complaint.

68.

Defendants are also liable to Plaintiffs for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.

Defendants are also liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court:

1. Take jurisdiction of this matter;

2. Grant a trial by jury as to all issues so triable;

3. Issue an order holding each of the Defendants to be Plaintiffs' "employer" as that term is defined under the FLSA;

4. Issue an order holding that Plaintiffs were covered by the minimum wage provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

5. Issue an order holding that Defendants' violations of the FLSA were willful;

6. Award Plaintiffs all unpaid minimum wages for each hour worked during the three years prior to the filing of this Complaint and liquidated damages equaling 100% of the unpaid minimum wages;

7. Award Plaintiff the amount of all kickbacks that Defendants required Plaintiffs to pay during the three years prior to the filing of this Complaint, and liquidated damages thereon;

8. Award Plaintiffs pre-judgment interest on all amounts owed to the extent that liquidated damages are not awarded;

9. Award Plaintiffs nominal damages;

10. Award Plaintiffs their costs of litigation, including their reasonable attorney's fees; and

11. Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted his 28th day of February 2018,

DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
benjamin@dcbflegal.com

matthew.herrington@dcbflegal.com

                                                Counsel for Plaintiff